```
                              )
WILFREDO ROMERO,              )
                              )
          Plaintiff,          )
                              )
v.                            )    Civil Action No. 01:10-cv-314
                              )
ROBERT M. GATES, SECRETARY    )
OF DEFENSE,                   )
                              )
          Defendant.          )
```

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Robert M. Gates's Motion to Dismiss or, in the Alternative, for Summary Judgment. Pro se Plaintiff Wilfredo Romero asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq, against the Defendant. For the reasons explained below, Defendant's motion to dismiss is granted.

Plaintiff began working as a GS-12 auditor for the Office of the Inspector General in the Department of Defense ("DOD") in 1999. That position required a secret security clearance, which he obtained. In 2004, Plaintiff's supervisor asked the Defense Intelligence Agency Central Adjudication Facility ("DIA-CAF") to grant Plaintiff access to Sensitive Compartmented Information

("SCI") so that Plaintiff could assist with auditing work at the National Security Agency. After investigating Plaintiff, the DIA-CAF issued a letter of intent on September 24, 2004 informing Plaintiff that a preliminary decision had been made to deny him clearance for SCI and that his preexisting secret security clearance was suspended. In March of 2005, DIA-CAF notified Plaintiff that his secret security clearance was revoked and that his application for access to SCI was denied. Romero then appealed, which was also denied.

While Plaintiff's appeal of the revocation of his security clearance was pending, Plaintiff applied for three vacant auditor positions with the DoD's Office of the Inspector General. Each of the announcements for these positions stated that the position advertised required a valid security clearance. Because Plaintiff's security clearance had been revoked, Plaintiff was removed from the referral list for these positions. Plaintiff alleges that the DoD's Office of the Inspector General discriminated against him on the bases of race, age, and disability when it did not conduct a background investigation on him for those positions and did not refer or select him for certain vacant auditor positions for which he had applied.

This is not Plaintiff's first suit arising from these facts. Indeed, on May 24, 2005, Plaintiff filed a discrimination

complaint with DoD alleging that his indefinite suspension was based on national origin and age discrimination. On September 19, 2005, Plaintiff and DoD entered into a Settlement Agreement regarding Plaintiff's discrimination complaint, which stated in relevant part:

> The employee [Plaintiff] will withdraw the instant complaint as well as complaints pending concerning non-selection for promotion to the GS-511-13 position within the Agency and will forego filing a discrimination complaint, or instituting any other cause of action before courts or administrative bodies that were raised or could have been raised in [his formal complaint].

On November 17, 2005, Plaintiff filed a second complaint with DoD, alleging race, disability, and age discrimination based on DoD's September 20, 2005 failure to refer or select him for promotion to the position of Auditor GS-511-13, listed on three separate job vacancy announcements, and the DoD's denial of a background investigation for the same announcements. DoD dismissed the Complaint, finding that the claim had been resolved through the September 19, 2005 settlement agreement. Plaintiff appealed the DoD's dismissal to the Equal Employment Oppportunity Commission ("EEOC"), Office of Federal Operations, which ultimately reached a hearing before an EEOC Administrative Judge. The judge granted summary judgment in favor of DoD, and the EEOC affirmed the judge's ruling.

In addition to his employment discrimination complaints, Plaintiff also filed two separate appeals relating to his suspension and removal from the his position with Merit Systems Protection Board (MSPB). On November 30, 2005, Romero filed an MSPB appeal challenging his indefinite suspension, which was dismissed by the Administrative Judge for lack of jurisdiction in light of the settlement agreement. Later, Plaintiff filed a second MSPB case, challenging his December 20006 removal from his position, which was joined with his first MSPB case. In the combined case, the Administrative Judge affirmed the removal in an intial determination, and the MSPB denied review.

Plaintiff appealed the decision to the United States Court of Appeals for the Federal Circuit on September 18, 2007. Plaintiff filed the requisite Federal Circuit Claim Form 10, which required him to certify that "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has or will be made in this case." The Federal Circuit held that the MPSB did not err in finding that the Agency had complied with statutory requirements, but that the MSPB had failed to address Plaintiff's arguments that DoD did not follow its own regulations in revoking his security clearance. The court remanded the case to the MSPB. On March 25, 2010, the Administrative Judge issued an initial decisionn, finding that Romero had not established that the DoD failed to follow its own

regulations in revoking his security clearance. Plaintiff has filed an appeal of this decision to the Federal Circuit.

On March 8, 2010, Plaintiff filed his complaint in the instant case, which was transferred to this Court from the United States District Court for the District of Columbia. Plaintiff asserts claims under Title VII, the ADEA, and the Rehabilitation Act of 1973 because he (1) was neither referred nor selected for promotion to the position of Auditor, GS-511-13, under job Vacancy Announcement Numbers IG009905, IG0100005, and IG011405 and (2) was denied a background investigation for the same vacancy announcements.

Defendant argues that Plaintiff's complaint should be dismissed because (1) this Court lacks subject matter jurisdiction over Plaintiff's claims; (2) Plaintiff waived his discrimination claim by appealing to the Federal Circuit; and (3) Plaintiff waived his discrimination claims through his settlement agreement with the DoD.

Regarding Defendant's first ground for dismissal, Plaintiff has the burden of establishing subject matter jurisdiction, Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995), but he cannot do so. This Court lacks subject matter jurisdiction over claims relating to security clearance decisions. "[F]oreign policy [is] the province and responsibility of the Executive." Haig v. Agee, 453 U.S. 280, 283-84 (1981). "As to these areas of

Art. II duties the courts have traditionally shown the utmost deference to Presidential responsibilities." United States v. Nixon, 418 U.S. 683, 710 (1974). For this Court to have jurisdiction to review Plaintiff's claims, Congress must expressly provide for such a review. The Fourth Circuit has found that neither Title VII nor the Rehabilitation Act provide "the kind of unmistakable expression of purpose that the Supreme Court . . . suggested in Egan would be required to support a conclusion that Congress intended to subject the Executive's security clearance determinations to scrutiny for violations [of these provisions]." Guillot v. Garrett, 970 F.2d 1320, 1325 (4th Cir. 1992); see Dep't of Navy v. Egan, 484 U.S. 518, 526-34 (1988) (; Ryan v. Reno, 168 F.3d 520, 524 (D.C. Cir. 1999); Bercerra v. Dalton, 94 F.3d 145, 149 (4th Cir. 1996). Like Title VII and the Rehabilitation Act, the ADEA also lacks any provision that would enable this Court to hear Plaintiff's age discrimination claims regarding his security clearance revocation. See 26 U.S.C. § 633a. Without such unambigious language, this Court lacks jurisdition to hear Plaintiff's claims.

Even if this Court did have the power to hear Plaintiff's case, Plaintiff cannot bring his claims in this Court because he is already proceeding on his appeal from the MSPB decisions in the Federal Circuit. A federal employee asserting a claim of

employment discrimination generally must seek relief from the Equal Employment Opportunity ("EEO") office of the employing agency. See 42 U.S.C. § 2000e-16(c). When the federal employee not only wishes to raise a claim of discrimination, but also seeks to appeal a civil service decision that lies within the jurisdiction of the MSPB—such as a demotion or removal—the employee can bring both types of claims either before the agency's EEO office as a "mixed case complaint," or before the MSPB as a "mixed case appeal," but not both. See 5 U.S.C. § 1204 (describing MSPB's jurisdiction); 5 U.S.C. § 7702 (describing MSPB jurisdiction over cases involving both an action appealable to the MSPB and discrimination claims); 29 C.F.R. § 1614.302 (describing mixed cases); Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009).

Instead of filing a single mixed case—either a formal EEO complaint or an MSPB appeal—Plaintiff initiated three different proceedings after settlement of his first EEO complaint: (1) Romero filed a formal EEO complaint dated November 17, 2005, asserting that DOD's decision not to promote him constituted a violation of Title VII, the ADEA, and the Rehabilitation Act; (2) Plaintiff filed an MSPB appeal challenging his indefinite suspension on November 30, 2005; and (3) in January 2007, Romero filed another MSPB appeal asserting that his removal was improper and discriminatory. Plaintiff pursued the MSPB cases

through final determinations by the MSPB and appealed those
determinations to the Federal Circuit. Even after he received a
verdict from the Federal Circuit in June 2008, Plaintiff
proceeded with his EEO case.

Based on his complaint, Plaintiff seeks relief from the
EEOC decision, but in light of the posture of his related MPSB
complaints, he is barred from proceeding in this forum. If an
employee pursues a mixed case appeal through the MSPB, loses,
and wishes to appeal, he may appeal the MSPB's determination to
either the Federal Circuit or the appropriate federal district
court. 5 U.S.C. § 7703; Pueschel, 577 F.3d at 563. If, however,
the employee chooses to appeal an MSPB decision to the Federal
Circuit, he must abandon any related discrimination claims, as
the Federal Circuit lacks jurisdiction to entertain
discrimination claims. Pueschel, 577 F.3d at 563. Plaintiff may
not pursue a discrimination action in district court while
simultaneously litigating the remainder of his claims before the
Federal Circuit because "Congress did not direct or contemplate
bifurcated review of mixed cases under § 7702." Williams v.
Dep't of the Army, 715 F.2d 1485, 1490 (Fed. Cir. 1983). Thus, a
plaintiff's decision to appeal an MSPB decision to the Federal
Circuit waives that plaintiff's right to bring a discrimination
claim in district court based "on the same or related facts."
See Pueschel, 577 F.3d at 563. This waiver applies to all

8

filings raising related issues and arising out of overlapping facts. See id.

Plaintiff chose to proceed with appeals of both of his MSPB complaints. He was aware this his appeals to the Federal Circuit would bar any subsequent discrimination actions arising out of the sames facts in district court. In 2007, when he appealed his second MSPB action to the Federal Circuit, Plaintiff expressly acknowledged in Federal Circuit Form 10 that he was waiving any discrimination claims. The claims Plaintiff brought in the MSPB and those he asserted in the DoD EEO process and appealed to the EEOC involve "the same facts or related facts," id. at 564: revocation of Romero's security clearance. The suspension and revocation of his security clearance caused DoD not to promote him, the crux of Plaintiff's case before this court. As a result, all of Plaintiff's discrimination claims are barred in this forum because they arise out of the same facts as the employment decisions appealed to the Federal Circuit.

A third reason compels this Court to dismiss Plaintiff's complaint. Plaintiff's claims must be dismissed because he waived these claims through his settlement agreement with DoD. In the settlement agreement, Plaintiff agreed to "forego filing a discrimination complaint, or instituting any other cause of action before courts or administrative bodies that were raised or could have been raised in [his formal DoD complaint]."

9

Thus, Plaintiff expressly waived his right to file a discrimination complaint or any other cause of action that could have been raised in his May 24, 2005 DoD complaint or the ensuing proceedings, including non-selection for promotion to the GS-511-13 position.

Plaintiff asserts that claims arising from his non-referral and non-selection for the vacant auditor position are not barred by the settlement agreement because he only received the letters notifying him of his non-referral on September 20, 2005. This argument is unfounded. By the date of the settlement agreement—September 19, 2005—Plaintiff knew that his security clearance had been suspended and that he was ineligible to apply for positions requiring a clearance. Since the settlement agreement waives all claims that could have been raised in the 2005 complaint, the settlement agreement bars Plaintiff from bringing this action.

For these reasons, Defendant's Motion to Dismiss is granted.

An appropriate order shall issue.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia
November  9 , 2010